**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| )   | |
| Plaintiff   ) | |
| )   | No. CIV-05-543-C |
| vs.   ) | CR-04-81-C |
| )   | |
| DECORY DANYAYLE WILLIAMS,   ) | |
| )   | |
| Defendant   ) | |

## **MEMORANDUM OPINION**

Now before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Defendant Decory Danyayle Williams. Plaintiff United States of America filed a response as ordered by the Court. The motion could not be adjudicated upon the basis of the existing record; as a result, on November 29, 2005, the Court conducted an evidentiary hearing in accordance with the mandates of § 2255. The Court, upon full consideration of the litigants' briefs, the evidence submitted at the hearing, and the applicable law, now **DENIES** Williams' motion.

### BACKGROUND

In May 2004, the United States charged Williams with three sex-related offenses: Count I, interstate transportation of a minor female with intent for minor to engage in prostitution (18 U.S.C. § 2423); Count II, interstate transportation of two adult females with intent for the adult females to engage in prostitution (18 U.S.C. § 2421); and Count III, benefitting financially from interstate sex-trafficking involving a minor (18 U.S.C. §§ 1591(a), 1592). With assistance of his counsel, Terry Coulter (Coulter), Williams entered

into a plea agreement wherein he pleaded guilty to Count I and waived certain rights to appeal or collaterally challenge his guilty plea or sentence in return for the United States' dismissing Counts II and III. On September 29, 2004, the Court sentenced Williams to 120 months' incarceration and three years' supervised release. The Court subsequently entered judgment on October 13, 2004.

## DISCUSSION

Williams moves the Court to vacate the judgment, resentence him within the range of forty-six to fifty-seven months' imprisonment, and/or allow him to perfect a delayed appeal to the Tenth Circuit. In support of his motion, Williams proffers three ineffective assistance of counsel arguments: that Coulter failed to file an appeal as requested; that Coulter failed to raise Booker[*] on appeal; and that at sentencing Coulter failed to argue Williams was improperly classified as a career offender. Williams' arguments are unavailing.

Williams first argues that Coulter was ineffective for failing to file an appeal as requested. In support of this argument, Williams testified at the evidentiary hearing that he called Coulter within twenty-four hours after the sentencing hearing and requested her to file an appeal. Coulter testified that Williams did call her shortly after the sentencing hearing and that they had a general conversation about the merits of an appeal and how he had waived his right to appeal except in limited circumstances. Coulter also testified that Williams called

---

[*] United States v. Booker, 543 U.S. 220 (2005)

her shortly after the United States Supreme Court handed down the Booker case and inquired about what effect it would have on his sentence. Coulter, however, denied that Williams ever directed her to file an appeal in either telephone conversation. Other than Williams' own testimony, he presented no other evidence in support of his version of the facts.

Williams would be entitled to a delayed appeal if he asked Coulter to file an appeal and she ignored the request even though Williams signed a plea agreement waiver of post-conviction rights. See United States v. Garrett, 402 F.3d 1262, 1266 (10th Cir. 2005); see also United States v. Cockerham, 237 F.3d 1179, 1181-87 (10th Cir. 2001) (discussing plea agreements and the availability of appeal). Here, the Court finds Coulter to be a credible, experienced and able criminal defense attorney in federal court. Williams, however, is not credible, given his criminal history and that his testimony is in his own self-interest. Moreover, the timing of Williams' telephone calls supports Coulter's version of their conversations rather than Williams'. Consequently, the Court finds that Williams did not give Coulter an instruction to file an appeal. Williams' first argument must fail.

Williams next argues that Coulter was ineffective for failing to raise a Booker argument on appeal. In light of the Court's finding above, Williams' second argument must also fail.

Lastly, Williams argues that Coulter was ineffective for failing to argue at sentencing that he was improperly classified as a career offender. Williams' argument does not attack the validity of either the plea agreement or the waiver contained therein; instead, it is an attack on Coulters' performance at the sentencing hearing. Williams' argument falls within

the plea agreement's waiver of appeal rights. (Plea Agreement, ¶ 8(b), -(c); Pet. to Enter Plea of Guilty, §§ C, E; Def.'s Resp., Dkt. No. 121, Ex. 2, at 4, 8-14); <u>Cockerham</u>, 237 F.3d at 1182-91. Accordingly, Williams' third argument is foreclosed by his plea agreement.

## <u>Conclusion</u>

For the reasons delineated herein, the Court finds that Williams did not instruct his counsel to file an appeal and that his § 2255 arguments are foreclosed either by his inaction or by his plea agreement waiver of post-conviction rights. Therefore, Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

IT IS SO ORDERED this 11th day of January, 2006.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge